[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in the above captioned case seeks to recover CT Page 5285 money she claims she loaned to the defendants, her son Albert William Barile and her daughter-in-law Joan Barile, over the course of several years. In the first count of her complaint, the plaintiff alleges that she made loans to the defendants totalling $23,293.23 and that the defendants, who are now in the process of a divorce, have failed to repay the money. The plaintiff characterizes the first count as claiming an express contract.
The second count alleges that the plaintiff conferred a benefit on the defendants and expected repayment, a claim the plaintiff characterizes as alleging implied contract and a right of recovery in quantum meruit.
The plaintiff's son has admitted all allegations of the complaint. Judgment shall, therefore, enter in favor of the plaintiff against defendant Albert William Barile in the claimed amount of $23,293.23.
Defendant Joan Barile denies the plaintiff's claims and asserts that over the course of her marriage to the plaintiff's son, the plaintiff paid certain expenses as gifts to aid her son, and that plaintiff now seeks to recharacterize the gifts as loans because, approximately a week before this suit was instituted, defendant Joan Barile filed a divorce complaint against the plaintiff's son. Defendant Joan Barile further claims that recovery is barred by the statute of fraud and/or that if the transactions were loans, they were loans solely to Albert for which Joan is not liable pursuant to 46b-37 C.G.S.
Albert and Joan Barile were married on November 8, 1985. After January 1987, Joan Barile stopped being employed outside the home and the family lived on Albert's earnings, which were interrupted by periods of unemployment. The plaintiff, a legal secretary for at least twenty-five years, stepped in from time to time to help Albert and Joan with bills they were unable to pay. On most such occasions, she undertook to make payments directly to the source of the expense. She did not document these payments as loans nor did she keep records of the amounts she paid. The court finds that though she made these payments during various emergencies from 1987 on, the plaintiff never asked the defendants to repay her until Joan served Albert with a divorce complaint. The transactions at issue are as follows:
1. In 1987 a gambling casino obtained a judgment against Albert for a gambling debt. The casino was about to execute on its judgment lien on the defendants' home. The plaintiff paid the CT Page 5286 judgment. At the close of the plaintiff's evidence, the court granted a motion to dismiss as to this claim for failure to make a prima facie case as to any liability of Joan Barile.
2. In or about May 1989, Joan announced that she wanted to divorce Albert, who then stopped making payments on the mortgage on the family home. The court finds that the plaintiff prevailed upon Joan not to pursue the divorce and paid the arrearage on the mortgage. The court does not find that Joan Barile ever agreed to have this payment treated as a loan to her. The plaintiff did not keep records or demand payment or act in any way as though this payment was other than a gift to assist her son. At trial she was vague as to the amount involved.
3. In 1988, Albert incurred expenses for legal services rendered to him by Attorney Thomas Brown for purposes not placed in evidence. No credible evidence was presented as to the amount paid, and the court finds that there is no basis for concluding that the payment was a loan to Joan Barile, nor that Joan Barile agreed to contribute to payment nor that Joan is liable pursuant to 46b-37 C.G.S.
4. On an unspecified date, the defendant was arrested on a charge of leaving the scene of an accident. The charge was dropped on condition of payment to the complainant of $1,000. The plaintiff paid this amount on Albert's behalf. The court does not find that at the time of payment Joan Barile agreed to be obligated to pay the amount back as a loan, nor that the payment was an obligation for which she is liable pursuant to 46b-37 C.G.S. At no time did the plaintiff demand payment from Joan or otherwise conduct herself in a manner consistent with the transaction being anything but a gift to her son.
5. In the fall of 1989, the furnace in the defendants' home ceased to function. Albert asked the plaintiff for help and she paid for a replacement. The court finds that the plaintiff did not treat the transaction as a loan at the time or at any time until filing this suit.
6. and 7. In late 1989 or 1990, the plaintiff bought Albert an old car and paid for repairs. When Joan went to register the car for Albert, she was unable to do so because of unpaid back taxes on other cars owned by them. The plaintiff gave Joan the money to pay the back taxes. The court finds that the plaintiff treated this aid as a gift and never made demand for repayment and that Joan never was asked to treat the payment as a loan and did not agree to repay what she understood to be a gift.
8. In late 1989 or 1990, the defendants were unable to pay the car insurance. The plaintiff volunteered to get them insurance CT Page 5287 through her own insurance agent and paid approximately $3,200.00 on the defendants' behalf. The court finds that the transaction was not characterized by the parties as a loan at the time, that the plaintiff did not obtain any agreement from Joan to repay the money, and that the plaintiff treated the transaction as a gift until Joan instituted the divorce action.
9. In the following year, the plaintiff made another payment for car insurance on the defendants' behalf when they lacked funds. The court finds that this payment was treated by all the parties as a gift, not a loan, and that Joan did not agree to repay it.
10. In connection with bringing the defendants' mortgage payments up to date in 1989, the plaintiff paid an outstanding charge for homeowner's insurance for the defendants as part of her aid in remedying their mortgage arrearage. The court finds that the payment was treated by all the parties as a gift, not a loan, and that Joan assumed no obligation to repay it.
11. The plaintiff claims to have made a payment on the defendants' behalf in February 1991 in the amount of about $600.00. The plaintiff could not identify the purposes of payment, and the court finds the claim to be unsupported by evidence.
12. In the fall of 1991 the defendants refinanced their home to add two rooms and a bath to accommodate the birth of their twins in the summer of 1991.
The refinancing was in the amount of $90,000.00, of which $20,000.00 was to be used to build the addition. The carpentry work was performed by Joan's father, Joseph Hegarty. Because the loan provides for release of construction funds in stages, part away into the construction and at the end of construction, and the defendants lacked startup funds, the defendants expressly asked the plaintiff to loan them $900.00 to pay a closing point charged by the bank. The plaintiff also advanced to the defendants two payments, one in the amount of $2,000.00 and another in the amount of $1,000.00. Because the defendants anticipated the eventual release to them of the construction mortgage funds, they explicitly agreed that the advances were loans to be repaid on receipt of funds from the bank. The court finds that Joan Barile repaid $2,000.00 but that $1,900.00 remains unpaid. While Joan Barile claims that her cancelled check for payment in the amount of $1,000.00 was missing from her records, she acknowledged that the bank would be able to supply her with a copy. Her failure to obtain one causes the court to infer that the payment was not made.
Defendant Joan Barile has invoked the statute of frauds,52-550 C.G.S. The court finds that the oral agreement by the CT Page 5288 defendants to repay the loan was an obligation that was contemplated to be discharged within a year, since the promise was to repay when the bank released the construction funds, an event that occurred on December 23, 1991.
The defendant contends that because the proceeds of the loan were devoted to building an addition to her home, recovery is barred by 552-550(a)(4) C.G.S. That statute provides that no civil action may be maintained without a written agreement "upon any agreement for the sale of real property or any interest in or concerning real property." The loan at issue and the agreement sued upon was solely for the return of money, not for a interest in or any affect upon real property.
The court did not find credible the plaintiff's claim that she gave the defendants over $6,000.00 in cash in connection with the construction. These events took place barely six months ago, and the lack of any documentation of any sort by the plaintiff renders her vague and changing recollection of payments unworthy of belief.
The court finds that the only obligation proved by the plaintiff as to defendant Joan Barile is with respect to the $1,900.00 loaned to facilitate the building of the addition to the family home. The court finds that the defendants agreed to repay these advances and that they are jointly and severally liable to the plaintiff in the amount of $1,900.00. While an allocation of this debt between the defendants may, of course, be made in the course of the divorce proceedings, the plaintiff has proven her entitlement to receive that sum in full from either of the defendants.
Judgment shall enter in favor of the plaintiff in the amount of $23,293.23 against defendant Albert William Barile.
Judgment shall enter in favor of the plaintiff in the amount of $1,900.00 against defendant Joan Barile.
The plaintiff shall recover her court costs.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT